UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2008 APR -4  P 4: 14

MAPP CONSTRUCTION, LLC

VERSUS

M&R DRYWALL, INC.

CIVIL ACTION

NO. 07-907-JVP-DLD

## RULING ON MOTIONS

These matters are before the court on a motion by plaintiff, MAPP Construction, L.L.C. ("MAPP"), to compel arbitration (doc. 7), and a motion by defendant, M&R Drywall, Inc. ("M&R"), to dismiss (doc. 9). The motion to compel arbitration was accompanied by a memorandum in support of the motion (doc. 7-18), exhibits (doc. 7, Exs. A-O) and an affidavit (doc. 7-3). The motion to dismiss was accompanied by a memorandum in support of the motion (doc. 9-3) and exhibits (doc. 9, Exs. A-E). Plaintiff opposed the motion to dismiss (doc. 11). Defendant replied (doc. 14) and submitted an exhibit (doc. 14, Ex. A). Plaintiff then filed a supplemental opposition to the motion to dismiss (doc. 18) and defendant replied to the supplemental opposition (doc. 21). Jurisdiction is alleged under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. There is no need for a hearing and the matter is now submitted.

## FACTS AND PROCEDURAL HISTORY

MAPP's complaint states that Southgate Residential Towers, L.L.C. contracted with MAPP to construct a large-scale apartment and condominium

1

complex in Baton Rouge referred to as Southgate Towers. The complaint further alleges that the contracts between Southgate and MAPP state that any dispute between the parties and arising out of the construction of the towers and penthouses will be subject to arbitration conducted by the American Arbitration Association ("AAA"). (doc. 1, ¶¶ 6, 7 (*citing* (doc. 7, Ex. B, § 4.6)).

MAPP subcontracted with M&R to perform stucco and sheet-rock work on the project (doc. 1, ¶ 8; doc. 7, Ex. C, ¶ 2). M&R has since filed suit against MAPP in the Nineteenth Judicial District Court, Parish of East Baton Rouge, alleging breach of contract (doc. 7, Ex. C). That case has been consolidated with, *inter alia*, a lawsuit by Southgate Residential Towers, L.L.C. against MAPP (doc. 9, Ex. E). The issue upon which the present lawsuit is based is whether M&R is bound by its contract with MAPP to submit to resolution of its disputes by arbitration. Though MAPP argues that M&R is contractually obligated to do so, M&R contends otherwise and, according to MAPP, refuses to participate in the arbitration proceeding.

The subcontracting agreement between MAPP and M&R provides the following:

> Subcontractor shall be bound to Contractor by the terms and conditions of the Contract Documents, as the same shall be applicable to the Work and this Subcontract, and hereby assumes toward Contractor all of the duties, obligations and responsibilities that Contractor has by the Contract Documents assumed toward the Owner. Subject only to the terms of paragraph 27, nothing herein shall be construed to be a binding agreement to arbitrate any dispute arising hereunder, notwithstanding any provision

to the contrary contained in the Contract Documents.

(doc. 7, Ex. B, ¶ 1).

Paragraph 27 provides:

> In the event of any dispute between Subcontractor and Contractor arising out of or relating to the Subcontract, or the breach thereof, which involves the correlative rights and duties of Owner, the dispute shall be decided in accordance with the contract documents, and Subcontractor . . . shall be bound to Contractor to the same extent that Contractor is bound to Owner by the terms of the Contract Documents and by any decisions or determination made under the Contract Documents by an authorized person, board, court, arbitration, or other tribunal.

Mapp states that, in the arbitration proceeding on November 9, 2006, it filed a "Motion to Join Additional Parties and Third Party Demand," asserting *inter alia* claims against M&R for indemnity against the claims involving defective work by M&R (doc. 7, p. 4). On May, 23, 2007, a special arbitrator appointed by AAA rendered a partial interim award ordering that M&R be joined as an additional party to the pending arbitration (doc. 7, Ex. H). According to MAPP, no party filed a timely motion to vacate, modify, or correct that award and the arbitrator's decision is now subject to judicial confirmation (doc. 7, p. 4).

However, on November 11, 2006, MAPP filed a "Motion to Stay, and Order Directing the Parties to Arbitrate" in the consolidated state court litigation referred to above and invoked the Louisiana Arbitration Act, La. R.S. 9:4201 (doc. 7, Ex. J). On January 30, 2007, the trial court denied MAPP's motion and concluded that the

3

contractual provisions regarding arbitration did not bind M&R to submit to arbitration of disputes with MAPP (doc. 9, Exs. A, B).[1]

MAPP sought supervisory review by the Louisiana First Circuit Court of Appeal. On June 18, 2007, that court denied the writ, finding no error in the trial court's conclusion that the contractual provisions regarding arbitration are ambiguous (doc. 9, Ex. B). On August 1, 2007, the Louisiana Supreme Court denied Mapp's application for a supervisory writ (doc. 9, Ex. C).

Mapp filed the present suit against M&R in the Middle District Court of Louisiana on November 28, 2007, asserting claims under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. The complaint states that MAPP is a party in a pending arbitration proceeding currently under administration by the American Arbitration Association and that the duly-appointed special arbitrator has issued a partial interim award under which he ordered M&R to be joined as an additional party to the pending arbitration. The petition further states that M&R has refused to participate and, pursuant to the Federal Arbitration Act, MAPP seeks a judgment of this court to confirm the arbitrator's award. (doc. 1, ¶¶ 2, 4-5).

## LAW AND DISCUSSION

The *Rooker Feldman* doctrine is one of a number of doctrines that safeguards the American dual system of government from federal judicial intrusion. *Atlantic*

---

[1] This court notes that the ruling by the Nineteenth Judicial District Court pre-dated the arbitrator's contrary order by almost four months.

*Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.234 (1970). *Rooker-Feldman* precludes a federal district court from proceeding in "cases brought by state-court losers complaining of injuries caused by state-court judgments before district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281, 125 S.Ct. 1517, 1521-2, 161 L.Ed.2d 454 (2005). The doctrine "provides that a 'United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). "'[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). Therefore, the *Rooker-Feldman* doctrine "interprets 28 U.S.C. § 1257 as ordinarily barring direct review in the lower federal courts of a decision reached by the highest state court, for such authority is vested solely in [the Supreme] Court.'"[2] *Asarco, Inc. v. Kadish*, 490 U.S. 605, 622,

---

[2] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn into question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or treaties or statutes of, or any commission held or authority exercised under, the United States.

109 S.Ct. 2037, 104 L.Ed.2d 696 (1989).

"*Rooker-Feldman* bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are 'inextricably intertwined.'" *Brown & Root*, 211 F.3d 198 (citing *Feldman*, 460 U.S. at 486-87); *Plyler*, 129 F.3d at 731). "The 'inextricably intertwined' prong on the doctrine bars a claim that was not actually decided by the state court but where 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* (citing *Plyler*, 129 F.3d at 731). "[A] party losing in state court is barred from seeking in substance what would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). "*Rooker-Feldman* is broader than claim and issue preclusion because it does not depend on a final judgment on the merits." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n. 1 (8th Cir. 1995).

The Nineteenth Judicial District Court, for the Parish of East Baton Rouge, has ruled that the arbitration provisions of the contract between MAPP and M&R are ambiguous and therefore not binding on M&R. Seeking to have that ruling reversed, MAPP pursued the matter through the Louisiana appellate system all the way to the Louisiana Supreme Court, which denied its application for a writ and thus rendered

rendered the district court ruling a final judgment.[3]

MAPP filed the present suit after the Louisiana Supreme Court denied its application for a writ and seeks to have this court examine the same language in the same contract between the same parties and rule differently.[4]  Because MAPP essentially seeks to have a federal district court review the final judgment of a state court, this court lacks jurisdiction over MAPP's claims.

## CONCLUSION

Accordingly, the court lacks jurisdiction to rule on the motion by plaintiff, MAPP Construction, L.L.C., to compel arbitration(doc. 7), and on the motion by defendant, M&R Drywall, Inc., to dismiss the lawsuit (doc. 9).  This matter shall be dismissed for lack of jurisdiction.

Baton Rouge, Louisiana, April 4, 2008.

_____
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3]"The *Rooker-Feldman* doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts."  *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997); *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3rd Cir. 1996).  Therefore, the result would be the same even if MAPP had not been denied a writ by the highest court of Louisiana.

[4]MAPP argues that federal policy favors arbitration, but the Fifth Circuit has stated that "this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead '[o]rdinary contract principles determine who is bound.'" *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir.)(quoting *Daisy Mfg. Co., Inc. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994). *See also, supra* note 3.